U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 30 PM 1:06

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

WAYNE P. GENNETTE, )
)
Plaintiff, )
)
v. ) Case No. 2:20-cv-00157
)
ROBERT G. PEACOCK, )
)
Defendant. )

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
(Doc. 25)

Plaintiff Wayne P. Gennette brings this suit against Defendant Robert G. Peacock, asserting that Defendant negligently rear-ended Plaintiff's vehicle at a stop light, causing him serious injury. Plaintiff seeks compensatory and punitive damages.

On February 17, 2021, Defendant moved for partial summary judgment regarding Plaintiff's claim for punitive damages. On March 2, 2021, Plaintiff opposed the motion and on March 8, 2021, Defendant replied, at which time the court took the pending motion under advisement.

Plaintiff is represented by Matthew D. Anderson, Esq. Defendant is represented by Kristin C. Wright, Esq., and Pietro J. Lynn, Esq.

**I.　The Undisputed Facts.**

On December 28, 2017, Defendant was driving a milk tanker truck when he rear-ended the vehicle being driven by Plaintiff, causing an accident involving two other vehicles. The accident was investigated by a Shelburne Police officer, to whom Defendant reported that the sun was in his eyes and that this was the reason that he did

not notice the stopped vehicles in front of him until it was too late to avoid the collision. The Shelburne Police officer did not issue any tickets as a result of his investigation.

Plaintiff alleges that Defendant lied to the police officer about whether the sun was in his eyes and that he has repeated this alleged lie on several occasions, including in his Answer to the Complaint, in response to Requests to Admit, in response to interrogatories, and during his deposition. Plaintiff asserts that Defendant lied to "protect his career" and that it was a "scientific impossibility" that Defendant was blinded by the sun because it was behind him at the time of the crash. (Doc. 29-1 at 1.) Plaintiff maintains that Defendant was in fact using his cell phone at the time of the crash and that "he is a recidivist cell phone user while driving his tractor trailer[.]" *Id.* at 3.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "'might affect the outcome of the suit under the governing law[,]'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), while "[a] dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). On a motion for summary judgment, the court "constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in his favor." *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). When the moving party has carried its burden, its opponent must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "A non-moving party cannot avoid summary judgment simply by asserting a

2

'metaphysical doubt as to the material facts.'" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In adjudicating a motion for summary judgment, the district court's role "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).

### B. Whether Punitive Damages are Warranted.

Defendant claims that, even assuming *arguendo* that he lied about the sun being in his eyes and was in fact using his cell phone immediately prior to the crash, this is not the type of conduct that triggers punitive damages. "In Vermont, punitive damages are reserved for especially egregious conduct, and thus the party seeking them must overcome a very high standard of proof." *Beaudoin on Behalf of New England Expedition Ltd. P'ship II v. Feldman*, 2018 VT 83, ¶ 18, 208 Vt. 169, 178, 196 A.3d 768, 776. "An award of punitive damages requires a showing of two essential elements – wrongful conduct that is outrageously reprehensible and malice, defined variously as bad motive, ill will, personal spite or hatred, reckless disregard, and the like." *Id.* (internal quotation marks omitted). "[S]uch conduct need not only be wrongful, but truly reprehensible" and "the defendant must have acted with malice, [which requires] some showing of bad motive." *Fly Fish Vermont, Inc. v. Chapin Hill Estates, Inc.*, 2010 VT 33, ¶ 19, 187 Vt. 541, 549, 996 A.2d 1167, 1174.

Litigation conduct, even if egregious, does not give rise to punitive damages in the absence of a malicious prosecution claim. *See Pease v. Windsor Dev. Rev. Bd.*, 2011 VT 103, ¶ 28, 190 Vt. 639, 645, 35 A.3d 1019, 1027 (holding that the doctrine of litigation immunity "protects parties, witnesses, lawyers, and judges as participants in the judicial

3

process from liability for acts and conduct related to a proceeding") (internal quotation marks and citation omitted).

Under Vermont law, the trial court must decide in the first instance whether punitive damages are warranted and can do so as a matter of law. *See Follo v. Florindo*, 2009 VT 11, ¶ 44, 185 Vt. 390, 411, 970 A.3d 1230, 1245 (observing that "[w]e require a showing that defendants acted with actual malice before we allow the issue of punitive damages to go to a jury").

Plaintiff contends that in light of Defendant's history of cell phone use while driving and Defendant's alleged lying for the purpose of protecting his career, "a reasonable jury could possibly conclude" that Defendant's conduct "evince[s] constructive malice toward [Plaintiff] justifying punitive damages." (Doc. 29 at 1.) "To demonstrate the malice necessary to establish liability for punitive damages, one must show 'conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights.'" *DeYoung v. Ruggiero*, 2009 VT 9, ¶ 24, 185 Vt. 267, 278, 971 A.2d 627, 635 (quoting *Brueckner v. Norwich Univ.*, 730 A.2d 1086, 1095 (Vt. 1999)).

Although use of a cell phone while driving may be considered both unlawful and reckless, "a threshold of reckless disregard – without more – would be so flexible that it can become virtually unlimited in its application." *Fly Fish Vermont, Inc.*, 2010 VT 33, ¶ 21, 187 Vt. at 550-51, 996 A. 2d at 1174 (internal quotation marks and citation omitted); *see also Brueckner*, 730 A.2d at 1097 (Vt. 1999) (holding that "[t]o sanction punitive damages solely upon the basis of conduct characterized as heedless disregard of the consequences would be to allow virtually limitless imposition of punitive damages") (internal quotation marks, citation, and footnote omitted). There is no evidence that Plaintiff and Defendant had a relationship prior to the collision or evidence that Defendant's alleged conduct was directed at Plaintiff personally. At best, Plaintiff has

proffered evidence that Defendant's alleged conduct was irresponsible and posed a risk of danger to the general public at large, rather than to Plaintiff personally.

"[I]n addition to a showing of illegal, wrongful, or reckless conduct, there must be some evidence of bad motive on the defendant's part to establish malice and support an award of punitive damages." *DeYoung*, 2009 VT 9, ¶ 24, 185 Vt. at 278, 971 A.2d at 635; *see also Beaudoin*, 2018 VT 83, ¶ 18, 208 Vt. at 178, 196 A.3d at 776 (holding that "malice must be proven by some showing of bad motive") (internal quotation marks, alteration, and citation omitted). In this case, even if Defendant was using a cell phone at the time of the accident and repeatedly lied about whether the sun was in his eyes, this conduct, although by no means commendable, is not the kind of "deliberate and outrageous conduct[,]"*DeYoung*, 2009 VT 9, ¶ 27, 185 Vt. at 279, 971 A.2d at 636, with "the character of outrage frequently associated with crime[,]" sufficient to warrant an award of punitive damages. *Follo*, 2009 VT 11, ¶ 44, 185 Vt. at 411, 970 A.2d at 1245 (internal quotation marks and citation omitted).

The Vermont Supreme Court's decision in *Bolsta v. Johnson* is instructive. There, the court upheld a trial court's denial of punitive damages against a defendant who caused an accident while driving under the influence. Although the defendant had two prior DUI convictions and four convictions for driving with a suspended license, the court held that "this case do[es] not constitute the kind of malicious, intentional acts that punitive damages are designed to address." *Bolsta v. Johnson*, 2004 VT 19, ¶ 9, 176 Vt. 602, 604, 848 A.2d 306, 309 (internal quotation marks omitted).

As in *Bolsta*, Defendant's alleged actions do not satisfy the "very high standard of proof" required for punitive damages. *Beaudoin*, 2018 VT 83, ¶ 18, 208 Vt. at 178, 196 A.3d at 776; *cf. Shahi v. Madden*, 2008 VT 25, ¶ 26, 183 Vt. 320, 949 A.2d 1022 (holding punitive damages not excessive where "defendant waged a campaign of terror against plaintiffs motivated in part by sectarian and racial bias"); *Pion v. Bean*, 2003 VT 79, ¶ 42, 176 Vt. 1, 833 A.2d 1248 (noting "overwhelming" evidence of actual malice to justify punitive award for deliberate destruction of property, removal of property marker pins, and calculated trespass – all coincident to serial verbal harassment). Construing the

5

undisputed facts in the light most favorable to Plaintiff, Plaintiff has not established that Defendant maliciously engaged in wrongful conduct that is outrageously reprehensible sufficient to render punitive damages an issue for the finder of fact.

## CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment regarding Plaintiff's claim for punitive damages (Doc. 25) is GRANTED.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of June, 2021.

Christina Reiss, District Judge
United States District Court